IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANNA LOU HENRY**, | Civil Case No. 10-6052-KI |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| **MICHAEL J. ASTRUE**, Commissioner of Social Security, | |
| Defendant. | |

    Kathryn Tassinari
    Drew L. Johnson
    Drew L. Johnson, P.C.
    1700 Valley River Drive
    Eugene, Oregon 97401

        Attorneys for Plaintiff

    Dwight C. Holton
    United States Attorney
    District of Oregon

Page 1 - OPINION AND ORDER

Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

Lisa Goldoftas
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

  Attorneys for Defendant

KING, Judge:

Plaintiff Anna Henry brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB"). I reverse the decision of the Commissioner and remand for further proceedings.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act. 42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C.

§§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The evaluation is carried out by the Administrative Law Judge ("ALJ"). The claimant has the burden of proof on the first four steps. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520 and 416.920. First, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the ALJ proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the ALJ proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step to determine whether the impairment prevents the

claimant from performing work which the claimant performed in the past.  If the claimant is able to perform work she performed in the past, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the ALJ proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his age, education, and work experience.  The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities.  Parra, 481 F.3d at 746.  The claimant is entitled to disability benefits only if he is not able to perform other work.  20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance.  Id.  "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision."  Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2004) (internal citations omitted).

## THE ALJ'S DECISION

The ALJ found that Henry had severe impairments of retinal artery occlusion, vision problems, and hypertension.  The ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  The ALJ discredited Henry's

testimony after finding that her testimony was inconsistent with her activities of limited driving, knitting with large gauge needles, and gardening. After reviewing the medical record, the ALJ concluded that Henry could perform light work, including her past work as a mammographer, and was not disabled as defined by the Act.

## FACTS

Henry claims she became disabled on May 12, 2007, due to markedly compromised vision resulting from an occlusion of the central retinal artery of the right eye, which caused her to lose the ability to experience depth perception. The vision change was abrupt. Henry, who was 63 years old at the time of the ALJ's opinion, has a high school education and worked as a mammographer for 30 years and an X-ray technician prior to that.

Henry's right eye has tunnel vision, she suffers double vision at times, particularly at night, she has no depth perception, she feels like that eye looks through a frosty window pane, and she can only see a small part of a computer screen at a time, making use of a computer very difficult. The depth perception problem makes it difficult for Henry to walk, especially on uneven surfaces and stairs. Her vision makes her dizzy at times. She can only drive in the day time for short distances when it is not raining and the traffic is light. Henry still performs her normal household chores but it takes her longer to complete them.

On November 1, 2007, Dr. Haines, Henry's treating ophthalmologist, wrote:

> Her impairment is in the same category as a stroke. This means she has a permanent neurological impairment. All tasks that required binocular steropsis are beyond her scope. All of radiology is three dimensional; she is unable to function in a three dimensional world.

Tr. 294.

Page 5 - OPINION AND ORDER

**DISCUSSION**

Henry argues that the ALJ erred by failing to address the opinion of her treating ophthalmologist, Dr. Haines, by improperly rejecting her subjective symptom testimony, and by improperly finding that she could perform her past work as a mammographer. Henry asks the court to credit Dr. Haines' opinion and her symptom testimony in full, and then to make a finding of disability or, alternatively, to remand for limited proceedings.

The Commissioner concedes that the ALJ erred in failing to address the opinion of Dr. Haines, and further concedes that this error requires reassessment of the medical evidence, Henry's credibility, the lay testimony, and her residual functional capacity. Moreover, the ALJ never made step five findings as to whether Henry had transferable skills and whether other jobs existed in the national economy which she could perform. The Commissioner asks the court to remand the case for further administrative proceedings.

The court has the discretion to remand the case for additional evidence and findings or to award benefits. McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited. Id. If this test is satisfied, remand for payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting the evidence. Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000).

The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the Ninth Circuit, however. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003); Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009) (recognizing split within the circuit on whether the rule is mandatory or discretionary but not resolving the conflict). The court has the flexibility to remand to allow the ALJ to make further determinations, including reconsidering the credibility of the claimant. Connett, 340 F.3d at 876. On the other hand, "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

I agree that the ALJ did a slapdash job in failing to address Dr. Haines' opinion, and I apologize to Henry for the delay, but I must remand this case for rehearing. It is not clear from the record that Henry is disabled because no vocational expert considered whether jobs were available to suit Henry's residual functional capacity.

I will credit Dr. Haines' opinion as true because no other ophthalmologist contradicts it and Henry is of advanced age. See Vasquez, 572 F.3d at 592-93 (applied "credit as true " rule, even though it did not result in the immediate payment of benefits, because claimant was of advanced age, 58 years old). This precludes the ALJ from denying Henry disability benefits at step four. I also expect the ALJ to reconsider Henry's credibility, keeping in mind Dr. Haines' opinion, Henry's explanation of how she takes much longer to do the same tasks, and Henry's explanation of how the slight return of vision has actually made her situation worse. After reconsidering Henry's residual functional capacity, and taking expert vocational testimony, the

Page 7 - OPINION AND ORDER

ALJ will have to perform the step five analysis to determine if Henry can perform other work in the national economy in light of her age, education, and work experience.

## CONCLUSION

The decision of the Commissioner is reversed. This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing to further develop the record as explained above. Judgment will be entered.

IT IS SO ORDERED.

Dated this    29th    day of March, 2011.

      /s/ Garr M. King
Garr M. King
United States District Judge